# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LEETANG BROWN,**

        **Plaintiff,**

    v.                                                      **Case No. 18-CV-1937**

**OFFICER ADERMAN,**
**OFFICER HERNANDEZ,**
**SGT. SCHLOEGL,**
**MSDF SUPERINTENDENT,**
**ICE STAFF JOHN DOES, and**
**MSDF MAIL STAFF JOHN DOES,**

        **Defendants.**

---

# ORDER

---

Plaintiff Leetang Brown, a prisoner at the Milwaukee Secure Detention Facility (MSDF) who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. This

order resolves Brown's motion for leave to proceed without prepaying the filing fee and screens his complaint.

*Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act applies to this case because Brown was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id*.

On December 10, 2018, the court ordered Brown to pay an initial partial filing fee of $26.61. Brown paid the fee on December 18, 2018. Accordingly, the court will grant Brown's motion to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Brown alleges that on November 20, 2018, MSDF mailroom staff opened outgoing mail that he was sending to his family. He alleges that mailroom staff returned pictures he had inside the envelope but sent out the letter and his drawing. Brown states that, after he got his pictures back, he spoke with Sgt. Schloegl and Officer Hernandez about the issue. Brown alleges that he was instructed to write "an I.C.E." (ECF No. 1 at 3.) He wrote such a letter on November 21 but received no response. (*Id.* at 4.) He also alleges that he wrote the mailroom supervisor, Officer Aderman, regarding the opening of his letter and was ignored. (*Id.*) Brown claims that the defendants violated his First Amendment rights by opening his mail without

3

"Express Written Authorization by the Superintendent (Directive No. 4422) to open my outgoing mail[.]" (*Id.*)

Alleging that the incident caused him trauma, Brown seeks $150,000 "per staff that was involved in this situation" or, alternatively, $750,000. (ECF No. 1 at 5.)

*Analysis*

Brown claims defendants violated his First Amendment rights when they opened his mail without his consent. "Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (citations omitted). Legal mail—mail protected by attorney client privilege—"is entitled to greater protections because of the potential for interference with [the] right of access to the courts." *Id.* at 685-86.

Brown alleges that MSDF staff opened mail going to his family. He does not claim the letter was legal mail, nor does he offer any other reason why the communication might be privileged and not subject to MSDF's inspection policies. Although he states that opening his mail violated "Directive No. 4422," he does not specify what Directive No. 4422 is. Even if the court assumes that Directive No. 4422 is an MSDF policy or regulation that prohibits opening an inmate's mail, a claim for violating a policy or regulation cannot form the basis of a civil rights suit under Section 1983. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("It's true that Wisconsin law provides that mail from certain officials and organizations, both state and federal, may be opened only in the inmate's presence.

4

Wis. Admin. Code § DOC 309.04(3). That law may have been violated in this case (an issue on which we express no view). But a violation of state law is not a ground for a federal civil rights suit."); *Domka v. Portage County*, 523 F.3d 776, 784 (7th Cir. 2008) ("Portage County's departure in this case from its usual course of action may well provide Domka with an argument that the County failed to comply with the statute. However, this is not the proper venue in which, nor is a constitutional claim the proper vehicle by which, to make that claim. 'Federal judges do not enforce state-created procedures in the name of the Constitution,' and a failure to comply with state procedural rules does not violate the federal constitution." (citations omitted)). As such, Brown's claim fails to state a claim upon which relief can be granted.

The court will, therefore, dismiss Brown's First Amendment claim for failure to state a claim for which relief can be granted.

**ORDER**

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will document that Brown has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $ 323.39 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal

5

to 20% of the preceding month's income credited to Brown's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no

more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 9th day of January, 2019.

BY THE COURT

_____
WILLIAM E. DUFFIN
United States Magistrate Judge